# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STATE OF GEORGIA ex rel. Brad Smith, District Attorney, Piedmont Judicial Circuit,<br><br>Plaintiff,<br><br>v.<br><br>$26,400 LAWFUL U.S. Currency,<br><br>Defendant, in rem<br>RE: FREDRICK JAMILLE BROWN, Purported Owners | 1:17-cv-3176-WSD |

## OPINION AND ORDER

On August 22, 2017, *pro se* Defendant Frederick Jamille Brown ("Defendant") removed this state forfeiture action from the Superior Court of Banks County [1].

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction

*sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Federal courts exercise limited jurisdiction and generally can hear only actions that either meet the requirements for diversity jurisdiction or that involve a federal question." Kivisto v. Kulmala, 497 F. App'x 905, 906 (11th Cir. 2012).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

The Court lacks federal question jurisdiction here because Plaintiff's Complaint asserts no more than a state-law claim for forfeiture, and Defendant's reliance on federal law, in his defenses or counterclaims, does not confer subject matter jurisdiction over this action. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a

plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Defendant also has not established diversity jurisdiction because the parties appear to be Georgia citizens and the amount in controversy is approximately $30,000.  Defendant has not shown that the Court has subject matter jurisdiction over this state forfeiture proceeding, and this action is required to be remanded to the Superior Court of Banks County.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Superior Court of Banks County.

**SO ORDERED** this 10th day of October, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE